Argued July 1, affirmed July 22, 1919.

## FRAYN v. PENNINGTON.

(182 Pac. 556.)

**Sales—Fraudulent Representations of Seller's Agent—Instruction.**

1. In suit for breach of contract by which plaintiff was to deliver to defendants a certain number of copies of its store paper service, defense being that defendants were induced to execute contract upon fraudulent representations of plaintiff's agent as to plaintiff having contracts with other firms, *held,* that question of fraud was fully and fairly submitted.

**Principal and Agent—Acts of Agent Within Apparent Scope of Authority—Instruction.**

2. In suit for breach of contract by which plaintiff was to deliver to defendants a certain number of copies of its store paper service, defense being that defendants were induced to execute contract upon fraudulent representations of plaintiff's agent as to plaintiff having contracts with other firms, *held,* that question of authority of agent was fairly and fully submitted.

[Representation must be false when made, see note in 18 Am. St. Rep. 555.]

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

Plaintiff alleges that he was doing business in the City of Seattle under the firm name of Retailers Advertising Association; that prior to the commencement of the action he had complied with Chapter 154, Laws of Oregon, 1913; that on or about May 6, 1916, the plaintiff entered into a written contract with the defendants, as partners under the firm name of Linn Drug Company, by which plaintiff was to deliver to defendants 48,000 copies of its store paper service in 24 editions of 2,000 copies each, commencing on May 25, 1916, and every 15 days thereafter, to be known and printed as the "Eugene Booster," at the agreed price of $20 per issue upon certain terms and conditions therein stated, for which it was agreed that the defendants should pay $480 in monthly payments of $40 each.

The plaintiff alleges that he had performed and is ready and willing to perform his part of the contract; that defendants have failed and refused to perform their part of the contract, or to accept the 2,000 copies of the paper sent to them on July 5, 1916, and have notified plaintiff that no more copies will be accepted; that it cost plaintiff $28.95 for labor and material to print and publish the copies which had been printed upon which he would have made a profit of $51.93 and $270 profit on the remaining copies, and by reason of the defendants' breach of the contract asks for a judgment of $350.

The defendants admit the partnership and deny all other material allegations and for a first, further and separate answer allege certain facts as a plea in abatement. As a second affirmative defense defendants allege that they were induced to execute the contract by

reason of certain alleged statements and representations which were made by plaintiff through its agent, which were false and untrue and which the plaintiff knew to be false and untrue and upon which the defendants relied and believed to be true and set forth alleged facts tending to show that the contract was procured by means of fraud. A copy of the written contract was attached to and made a part of the complaint.

In a further and separate answer, for the purpose of obtaining equitable relief, the defendants again alleged the making of the fraudulent statements and representations.

The trial court sustained the plaintiff's demurrer to the plea in abatement and the further and separate answer for equitable relief. In his reply the plaintiff denied all the material matter of the second further and separate answer and alleged certain new matter to which the court sustained the defendant's motion to strike.

After both parties rested, plaintiff made a motion for a directed verdict, which was overruled. The jury returned a verdict for the defendants, upon which judgment was entered and plaintiff appeals, claiming that the court committed error in overruling plaintiff's demurrer, to the answer, in sustaining defendants' motion to strike out a portion of the reply, in refusing to give certain instructions requested by the plaintiff and in particular the charge that the jury ''might find from the evidence that J. M. Schreiber had apparent authority to make false representations to the defendants,'' and in overruling plaintiff's motion for a directed verdict.    AFFIRMED.

For appellant there was a brief over the names of *Mr. L. M. Travis* and *Mr. A. K. Meck,* with an oral argument by *Mr. Travis.*

For respondents there was a brief and an oral argument by *Mr. O. H. Foster.*

JOHNS, J.—It appears from the record that the defendants were induced to execute the contract upon fraudulent statements and representations of Schreiber as plaintiff's agent, who represented to the defendants that the plaintiff had advertising contracts with prominent eastern and Portland firms, and the plaintiff admits that he never had any contract with such firms.

Plaintiff alleges that he was to receive $80.88 for the first four publications, from which he would have made a profit of $51.93 and that he would receive $400 for the remainder of the contract, out of which he would have made a profit of $270 or a profit of $231.93 on a contract of $480.88 for which, including labor and material, he asks judgment for $350.00.

Among others, the court gave the following instruction:

"I instruct you that these are the elements of fraud which the defendants must show before you would be entitled to find a verdict for the defendants. First, that the plaintiff through Schreiber made the representations claimed by the defendants. Second, that the representations, if they were made, were false. Third, that when the representations were made, if they were made, Schreiber knew them to be false or made them recklessly without any knowledge of their truth and as a positive assertion. Fourth, that he made the representations, if any were made, with the intention that they should be acted upon by the defendant Pennington. Fifth, that the defendants acted

in reliance upon such representations, if they were made, and the defendants were thereby injured.

"Each of these elements must be proved with reasonable certainty and all of them must be found to exist. The absence of any one of these elements is fatal to the defense in this case.

"I have instructed you if you find from the evidence in this case that the agent Schreiber was not acting within the actual scope of his authority but was acting within the apparent scope of his authority and made the representations claimed, and if they were false under the rules which I have just given you, then the defendants would be entitled to a verdict."

1, 2. The questions of fraud and of the authority of the agent Schreiber were fully and fairly submitted to the jury, which found for the defendants.

The judgment is affirmed.        AFFIRMED.

McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.